## SARAH ANN RICHARDS *v.* DAN P. MOORE.

*Evidence in action on R. L. s.* 3833, *for furnishing liquor*
*which produces intoxication and death.*

1. In an action by the wife against the defendant for having furnished her
husband liquor occasioning his intoxication and consequent death, the
defendant cannot show that he knew the intemperate habits of deceased,
and had on previous occasions refused him liquor, as tending to prove
that he did not furnish it upon the occasion in question.
2. The defendant claimed that the deceased procured all or a part of the
liquor causing his intoxication of another person. *Held,* not permissi-
ble to show that such other person was reputed to be a seller of intoxi-
cating liquor.
3. The subsequent declarations of the deceased as to where he obtained the
liquor are not admissible.

This was an action on the case under R. L. s. 3833 by the
plaintiff against the defendant for having unlawfully furnished
to her husband liquor occasioning his intoxication and conse-
quent death. Plea, the general issue. Trial by jury at the
April Term, 1889, ROWELL, J., presiding. Verdict and judg-
ment for the plaintiff. Exceptions by the defendant.

Those exceptions which were insisted upon by counsel appear
in the opinion.

*H. C. Adams* and *Geo. A. Ballard,* for the defendant.

The fact that defendant knew of the intemperate habits of
the deceased and had previously refused to furnish him liquor
should have been admitted. It made it more probable that he
would not sell to him at the time of the alleged sale. *Arm-
strong* v. *Noble,* 55 Vt. 428 ; *Reed* v. *Reed,* 56 Vt. 492 ; *Bedel*
v. *Foss,* 50 Vt. 94; *Holdridge* v. *Holdridge,* 53 Vt. 546.

*Powell & Brown* and *Cross & Start,* for the plaintiff.

Richards' declarations were not part of the *res gestæ,* and not
admissible. 1 Greenl. Ev. 124 ; Bouvier's Law Dict., *res gestæ;*
*Nutting* v. *Page,* 4 Gray, 584; *Carleton* v. *Patterson,* 9 Fos-

Richards *v.* Moore.

ter (N. H.), 580; *Lynde* v. *Tyngsboro*, 9 Cush. 36 and 401; *Waldele* v. *N. Y. C. & H. R. R. R. Co.*, 95 N. Y. 274; 47 Am. Dec. 41; *Hamilton* v. *State*, 36 Ind. 280; 10 Am. Rep. note to page 28 and cases cited; 71 N. Y. 118; 74 Mo. 553; 52 Vt. 191.

No inference that liquor was refused on this occasion could be drawn from the fact that it had been at some previous time. *Aiken* v. *Kenerson*, 58 Vt. 665; *Harris* v. *Howard*, 56 Vt. 695; *Walworth* v. *Baron*, 54 Vt. 677; Roberts' Dig. 275, p. 42; 69 Me. 178; *Parker* v. *Portland Pub. Co.*, 69 Me. 178; *Hubbard* v. *A. & K. R. R. Co.*, 39 Me. 506; *Aldrich* v. *Pelham*, 1 Gray, 510; *Kidder* v. *Dunstable*, 11 Gray, 342; *Collins* v. *Dorchester*, 6 Cush. 396; *Gahagan* v. *B. & L. R. R. Co.*, 1 Allen, 187; 4 Md. 242; 110 Mass. 134.

The opinion of the court was delivered by

POWERS, J.    This was an action on the case under s. 3833, R. L., giving a dependant wife an action for damages consequent upon the death of her husband occasioned by intoxication, resulting from liquor unlawfully sold by the defendant.

On trial the plaintiff's evidence tended to show that the defendant sold intoxicating liquor to the plaintiff's husband; that he became intoxicated therefrom and in consequence was killed in a collision of his carriage with that of a traveler whom he met upon the highway.

To meet this evidence in part, the defendant offered to show that he ·had known the deceased for several years, knew his intemperate habits, and had often on previous occasions refused to let him have liquor, as evidence tending to show that he refused him liquor on the day of his death.    It is somewhat difficult to appreciate the reasoning urged in behalf of the admissibility of this evidence.    If the fact that a man refuses to sell liquor to A yesterday is any evidence of a refusal to-day, it follows that proof of a sale yesterday tends to prove a sale to-day.    It is hardly probable that counsel would contend that a sale to-day could be established in such manner.    There is no

Richards *v.* Moore.

logical relation or dependance existing between an innocent or guilty act of this kind, done on a previous occasion, and a later one, and the fact that the defendant remained at the depot on the day in question after discovering that Richards was at his hotel, fearing that he would be led into the temptation to sell Richards liquor, or would lack the courage to refuse him as he had done on former occasions, does not help the matter. The evidence was properly excluded.

To show that Richards had liquor on the day in question of one Mobray and to reason therefrom that he did not have it of defendant, the defendant put in evidence testimony showing that Richards on his return journey from Enosburgh Falls stopped at Mobray's and that Mobray came out to Richards' wagon; that Richards handed him something; that Mobray went into the house and shortly returned and handed Richards something, and he thereupon drove away. These movements hardly come up to the standard of cold facts establishing a sale of liquor to Richards by Mobray. At best it can only be said they are consistent with an hypothesis that the "something" handed Mobray was an empty bottle and the "something" returned to Richards was a filled one. The defendant argued that this was the meaning of the pantomime. The plaintiff argued that this whole ceremony was nothing more than the collection of a meat bill. It is true there was no testimony that Richards had ever had any meat of Mobray and it is equally true that there was no testimony that he had ever had any liquor of him. The facts were open to such construction as counsel chose to give them. The court submitted the facts to the jury in a clear and impartial manner and this was all that either party could ask.

The evidence that Mobray was *reputed* to be engaged in the illegal sale of liquors at about this time was properly excluded. In the absence of testimony connecting Mobray with an actual sale on the day in question, evidence that at best merely proves that he probably would have sold it to Richards if he had the chance, is too remote to require much consideration. Indeed

Richards *v.* Moore.

evidence that Mobray was a common seller to everybody would not aid the defendant unless he could make out that he actually sold to Richards some or all the liquor producing the intoxication causing his death. The court gave the defendant all the benefit that could spring from Richards' visit to Mobray's on the day in question by leaving the facts of that visit to the jury to determine what they meant.

The defendant offered to show Richards' declarations as to where he procured his liquor. These declarations were not made at the time of the accident; were connected with no fact material to this case and so are not admissible as part of any *res gestæ* involved in the case. It is urged that they are admissible on the ground of privity between Richards and the plaintiff. The action given in these cases to the wife is not one that comes to her by succession from her husband. It is a creation of the statute. It never existed in the husband at all. On the contrary, it arose in this case in consequence of his death. Unless he had a right which by his death would descend to his wife, he could do nothing and say nothing, that would affect such right when it fell to his wife. These declarations were clearly inadmissible.

Counsel have argued some questions subsidiary to those we have noticed, but we discover nothing in the record that even approaches reversible error.

*The judgment is affirmed.*